## FOLLANSBEE v. OWENS et al.

No. 17272. Opinion Filed Nov. 20, 1928.

E. C. Hopper, Jr., for plaintiff in error.
C. M. Oakes, for defendants in error.

HERR, C. In this case title to the west half of southwest quarter of northwest quarter of southeast quarter of section 10; west half of northwest quarter and southeast quarter of northwest quarter of section 14, all township 15 north, range 7 east, in Creek county, Okla., is involved.

The case was submitted to the trial court on an agreed statement of facts: It is stipulated that the premises involved in this action constituted the allotment of one Cooper Holuby, a full-blood Creek Indian; that said Cooper Holuby died intestate on the 16th day of January, 1922, and left surviving him his widow, Nora Holuby, and three children, Nartoke Holuby, Oksuke Holuby, and Sabye Holuby, and it is further stipulated and agreed that upon the death of the said Cooper Holuby, his surviving wife, Nora Holuby, inherited an undivided one-third interest in the said premises, and that said children inherited an undivided two-ninths interest each. It is further stipulated that Oksuke Holuby, one of the children of the said Cooper Holuby, deceased, died on the 8th day of February, 1923, while yet a minor and without having been married, and it is further stipulated and agreed that upon the death of the said Oksuke Holuby, his interest in the said premises, inherited from his father, Cooper Holuby, descended in equal shares to his two surviving brothers, Nartoke Holuby and Sabye Holuby. It is further stipulated that Sabye Holuby died on the 12th day of February, 1923, while a minor, and not having been married, leaving surviving him his mother, Nora Holuby, and his brother, Nartoke Holuby.

It is contended by the plaintiff in error that upon the death of Sabye Holuby, the one-ninth interest in and to said premises inherited by him upon the death of his brother, Oksuke Holuby, descended to his mother, Nora Holuby, and that the two-ninths interest, inherited by him immediately upon the death of his father, descended to his surviving brother, Nartoke Holuby.

Defendants in error contend that upon the death of the said Sabye Holuby, his entire interest in and to said premises, that inherited by him immediately upon the death of his father, as well as that portion inherited by him upon the death of his brother, Oksuke Holuby, descended to his surviving brother, Nartoke Holuby, to the exclusion of his mother.

The plaintiff in error claims to be the owner of a one-ninth undivided interest in and to said premises under a conveyance by and through Nora Holuby, the mother of Sabye Holuby and the wife of Cooper Holuby, deceased, said conveyance being made on the 21st day of February, 1923.

The defendants in error claim title in and to a one-third undivided interest in and to said premises under a deed from Nora Holuby, executed on the 27th day of January, 1922, and a two-thirds undivided interest under a guardianship deed executed on the 23rd day of April, 1923, by one Sampson Davis, guardian for Nartoke Holuby.

It is stipulated that the guardianship proceedings are regular and operate to convey all of the right, title and interest said Nartoke Holuby had in and to said premises at the time of the execution of the said guardian's deed. The trial court rendered judgment in favor of the defendants in error quieting title in them in and to said premises, and decreeing that plaintiff in error had no right, title or interest in or to said premises, nor any part thereof. To reverse this judgment, plaintiff in error appeals to this court.

As to whether or not the judgment of the trial court is correct depends upon the construction given subdivision 7 of section 11301, C. O. S. 1921, which provides:

"If the decedent leave several children, or one child and the issue of one or more children, and any such surviving child dies under age, and not having been married, all the estate that came to the deceased child by inheritance from such decedent, descends in equal shares to the other children of the same parent, and to the issue of any such other children who are dead, by right of representation."

Counsel for plaintiff in error, in his brief, says:

"Under the agreed statement of facts, and the law controlling said facts, it is conceded that, on the death of Cooper Holuby, his allotment was inherited by his wife, Nora Holuby, and his three children, Nartoke Holuby, Oksuke Holuby, and Sabye Holuby, the widow inheriting an undivided one-third and each of said children inheriting an undivided two-ninths. And it is further conceded that upon the death of Oksuke Holuby, his undivided two-ninths went to his brothers, all of said children being minors, unmarried, in equal shares, or an undivided one-ninth each. It is further conceded that upon the death of Sabye Holuby the two-ninths in-

terest he inherited upon the death of his father descended unto his brother, Nartoke Holuby, but we do not concede that the other one-ninth so descended.

"We contend that the one-ninth interest inherited by Sabye Holuby upon the death of Oksuke Holuby, is to be treated, upon the death of Sabye Holuby, as any other part of his individual estate which he may have received from any other source, other than from his father. In other words, said interest should be treated as a 'new acquisition', and, therefore, would descend according to applicable provisions of subdivision 2, section 11301, C. O. S. 1921."

The provision of the statute referred to is as follows:

"If decedent leave no issue, nor husband nor wife, the estate must go to the father or mother, or if he leave both father and mother, to them in equal shares. * * *"

It is argued by plaintiff in error that upon the death of the first child, Oksuke Holuby, subdivision 7 of the statute above quoted spent its force, and that upon the death of the second child, Sabye Holuby, that portion of the estate inherited upon the death of Oksuke Holuby was an inheritance not from the father, but from the brother, and, therefore, descended to Nora Holuby, the mother, under subdivision 2 above quoted.

We think, however, subdivision 7 of the statute is not restricted in its operation to the first death, but applies in the case of successive deaths, among the surviving children, so long as they may die while under age, and not having been married, and so long as there remains surviving one or more children, or their representatives, so that the statute can continue to have application: and for the reason that the whole estate, upon the second death as well as the first, is still to be considered as the estate of the deceased parent within the contemplation of subdivision 7 of the act above quoted.

We, therefore, hold that the one-ninth interest passing to Sabye Haluby upon the death of Oksuke Holuby must be treated as much a part of the estate coming from his deceased father as that portion passing to him in the first instance upon the death of his father, and upon the death of said Sabye Holuby, his entire interest in and to said premises, under subdivision 7, above quoted, descended to his surviving brother, Nartoke Holuby, to the exclusion of his mother.

Under a statute identical with subdivision 7 of our statute, the Supreme Court of Wisconsin, in the case of Perkins v. Simonds, 28 Wis. 90, held as follows:

"Under the Terr. Stat. 1839 (38, 39, pp. 184, 185), which declare that where a child of an intestate died before arriving at the age of 21, and unmarried, 'such deceased child's share' should 'descend equally among the surviving brothers and sisters,' etc., the portion of the estate so described must be regarded as descending to such surviving brothers and sisters from the father, and not from the deceased child."

In the discussion of the case, on page 93, the court says:

"I conclude, therefore, that if the land in controversy came to Philo John Prescott by descent from his father, it did not descend to the sisters of the half-blood on the death of Philo John, but to the brother and sister of John Prescott who were living at that time, and to the children of his brothers who had deceased before that time, by right of representation.

"That an undivided one-half of the land did descend to Philo John from his father, seems too clear for argument. The only room for controversy is in respect to the other half thereof, which did not vest in him until the death of his brother, David Prescott, in 1845. The question to be settled here is, whether he took such last mentioned half by descent from his brother or from his father. If from his brother, then the brother and not the father, is the ancestor, and the sisters of the half-blood, being of the blood of such ancestor, will inherit that half of the estate by virtue of section 4, above quoted. But, as we have already seen, if Philo John took that half of the estate by descent from his father, the sisters cannot inherit the same."

After a further discussion of the case, and after citing the cases of Sheffield v. Lovering, 12 Mass. 490; Nash v. Cutler, 16 Pick, (Mass.) 491; McAfee v. Gilmore, 4 N. H. 391, the court concludes as follows:

"We are not at liberty to disregard the authority of these cases, and they settle the law to be that, on the death of David Prescott, under age and unmarried, Philo John took the undivided half of the land in controversy, which had not previously descended to him, not as a portion of the estate of his deceased brother, but as a portion of the estate of his deceased father, John Prescott. In other words, the inheritance came to Philo John by descent from his father, and not by descent from his brother.

"It follows that the sisters of Philo John, of the half blood, under whom the defendant claims title to the land described in the complaint, are excluded from the inheritance thereof as heirs of Philo John, and the land descended to the living brother and sister and to the children of the deceased brothers of John Prescott."

This case was, at a later date, followed

by the Supreme Court of Wisconsin in the case of Weisner v. Zaum, 39 Wis. 189.

The question here involved was indirectly passed upon by this court in the case of Maroney v. Tannehill, 90 Okla. 225, 215 Pac. 939, wherein the court announces the following rule:

"Where minor Cherokee Indian children died since February, 1914, seized of an undivided interest of an allotment of Indian land inherited from their mother, who is an enrolled Cherokee Indian by blood, and leave surviving them their father, who is a white man and not a member of the tribe, and brothers and sisters, held, that said allotment descends to the brothers and sisters under subsection 7 of section 8418, Rev. Laws 1910.

In discussion of this case, at page 229, the court says:

"The mother, Lillie May Tannehill, died intestate, seized of the allotment inherited by her from her deceased daughter, Minnie, and upon her death one-third of said allotment. by virtue of subsection 1, of section 8418. Rev. Laws 1910, descended to her husband, N. D. Tannehill, in fee, and the remainder in fee to her eight children, Andrew P., Loyd. Dewey, Lillie Bell, Hazel, Dewitt, Dolly May and Juanita Tannehill. Since the death of the mother, two of the children, Dolly May and Juanita, having died intestate, unmarried and without issue, their interests in said allotment inherited from their mother passed to their surviving brothers and sisters heretofore enumerated, by virtue of subsection 7 of section 8418, Rev. Laws 1910.

"Defendants in error, Lillie Bell, Dewitt, and Hazel Tannehill are the owners of a one-ninth undivided interest each in fee in the land in question and are entitled to the immediate possession of the same. N. D. Tannehill is the owner of a one-third undivided interest in fee in said land, subject to such equities of plaintiffs in error as may be determined in an appropriate proceeding, he not being a party to this action. Defendants in error Andrew P. Loyd and Dewey Tannehill inherited from their mother a one-ninth undivided interest each in fee in said land, and which is now subject to such equities of plaintiff in error as hereinafter be determined."

It will be observed in the above-cited case that upon the death of the mother there were then living eight minor children. One-third of the estate passed to the surviving husband and the remainder equally among the surviving children. Subsequently two of the children died while yet minors and unmarried. It is, in effect, the holding of this court, in the above case, that upon the death of the second child its entire interest, that which it inherited immediately upon the death of the mother as well as that portion inherited upon the death of the first child, the brother, descended to his surviving brothers and sisters in equal share, to the exclusion of the father, as will be seen by the following quotation at page 231, in the case last above cited:

"It follows that at the time of the trial of the instant case, the title of two-thirds of the land in controversy was in plaintiffs, and the title to the remaining third was in N. D. Tannehill, subject to the life estate of the defendants."

Under the above authorities, Nora Holuby had no interest in and to the premises at the time she conveyed the same to plaintiff in error, and plaintiff in error took no title by virtue of such conveyance.

Judgment of the trial court should be affirmed.

BENNETT, HALL, DIFFENDAFFER, and JEFFREY, Commissioners, concur.

By the Court: It is so ordered.