### DEAL v. LOGAN.

No. 28422.  Oct. 11, 1938.

Hamilton & Kane, for plaintiff in error.

C. S. Macdonald and F. W. Files, for defendant in error.

OSBORN, C. J. This is an appeal from a judgment of the district court of Osage county affirming a decree of the county court of that county determining the heirs and distributing the estate of Juanita Pearl Logan, deceased, an unallotted Osage Indian. The court held that Elnora Deal, mother of the decedent, an Osage allottee, inherited only the property coming to the decedent by devise from her maternal grandmother, and that the remainder of the estate, which decedent inherited from her father, Joseph Logan, descended to Joan Logan, half sister of the decedent, by virtue of subdivision 7 of section 1617,

O. S. 1931. We shall hereafter refer to Elnora Deal as appellant and Joan Logan as appellee.

Juanita Pearl Logan died intestate and without issue on June 3, 1936, at the age of 19 years. She left surviving her, as next of kin, the appellant, her mother, and the appellee, her half sister. The deceased had been married but was divorced at the time of her death.

Elnora Deal, appellant, obtained a divorce from Joseph Logan, father of the deceased, a full-blood Osage allottee, in 1919, and the appellee is the daughter of said Joseph Logan by a subsequent marriage.

Upon the death of Joseph Logan, intestate, in 1923, the decedent inherited certain property from him, and theretofore she had acquired other property under the will of her maternal grandmother.

Counsel for appellant maintains that by the Act of June 28, 1906, 34 Stat. L. 539. Congress made the laws of descent and distribution of this state applicable to the Osage Indians, except where the decedent leaves no issue nor husband nor wife the estate must go to the father and mother, and if either the father or mother has theretofore died, then the survivor inherits the entire estate. We do not find it necessary to base our opinion upon that purported exception, and therefore express no opinion thereon.

The question is whether subdivision 2, section 1617, O. S. 1931, or subdivision 7 of said section is applicable to the situation in the case at bar. Subdivision 2 provides:

"* * * If decedent leave no issue, nor husband nor wife, the estate must go to the father or mother, or if he leave both father and mother, to them in equal shares. * * *"

Subdivision 7, which was followed by the lower court, provides:

"If the decedent leave several children, or one child and the issue of one or more children, and any such surviving child dies under age, and not having been married, all the estate that came to the deceased child by inheritance from such decedent, descends in equal shares to the other children of the same parent, and to the issue of any such other children who are dead, by right of representation."

One of the conditions which determines the applicability of the latter provision is that the child, whose ancestral estate is

involved, die "not having been married." The lower court held that since the deceased, Juanita Pearl Logan, was divorced prior to the date of her death, she came within this provision and that portion of the estate which she had inherited from her father descended to her half sister. In other words, "not having been married" was held to mean "not married at the time of death."

This court has heretofore held subdivision 7, supra, to be an exception to the preceding general provisions of section 1617, O. S. 1931, including subdivision 2. McKay v. Roe, 96 Okla. 87, 219 P. 921; Cooper v. Spiro State Bank, 137 Okla. 265, 278 P. 648, 279 P 903. And since this is an exception to the general rule, it follows that it should be strictly construed and should not be enlarged or extended by judicial construction; the doubts and implications should be resolved in favor of the rule rather than the exception. Eddington v. Northwestern Bell Telephone Co. (Iowa) 202 N. W. 374; Merchants' Nat. Bank v. Continental Nat. Bank (Cal. App.) 277 P. 354; Cooper v. Spiro Bank, supra.

Moreover, in He-Ah-To-Me v. Hudson, 121 Okla. 173, 249 P. 138, this court in discussing subdivision 7, supra, said:

"The act is carefully drawn, and, we must suppose, embodies the deliberate meaning of the Legislature. We must give effect to this meaning without interpolating any new terms or qualifications, unless this be necessary to reconcile conflicting and contradictory expressions. The clause in question (subdivision 7) provides for a specific and peculiar state of facts; therefore, there is no contradiction between it and the general provisions going before, for these last provide the usual rule, while the latter clause provides the unusual rule, or the rule governing the particular case recited. This is not a contradiction, but only an exception."

Although subdivision 7, supra, has been construed and applied in many cases by this court, we fail to find any case wherein the decision turned upon the meaning of the phrase "not having been married." In discussing other phrases of subdivision 7, supra, this court in previous opinions has used language which departs from the exact wording of the statute, using such expressions as "without having been mar-

ried," "before marriage," and "unmarried," as well as the exact words of the statute. Follansbee v. Owens, 133 Okla. 217, 271 P. 1023; Cooper v. Spiro State Bank, supra; McKay v. Roe, supra. However, none of these cases are determinative of the meaning of the phrase "not having been married," since that question was not before the court.

In the case of Douglass v. Missionary Board, 164 Atl. 489, cited by counsel for appellant, the New Jersey Court of Appeals and Errors was considering a will containing the provision "upon the death of either of my said daughters not having been married," and in the opinion said:

"A widow never dies 'not having been married,' and no court with a regard for our common speech could so decide."

Although the factual situation in the above case obviously differs from the case at bar, the logic of the foregoing statement by the New Jersey court is unanswerable. The decedent herein was a widow. and, therefore, did not die "not having been married." To accept the contention that "not having been married" is synonymous with "unmarried at the time of death" would, under the circumstances herein, do violence to both the clear and unambiguous statement of the Legislature and primary meaning of this phrase as well as the accepted rules for the construction of statutes.

Consequently, the estate of the deceased descends in accordance with the general rule expressed in subdivision 2, supra, and since the decedent left no surviving husband nor issue nor father, the entire estate descends to the appellant, her mother. The applicable section of the statute does not include the appellee, her half sister, and therefore she does not inherit.

In view of the above conclusion it is unnecessary that we express an opinion upon the question of whether the deceased was a minor at the date of her death or upon other assignments of error.

The judgment of the district court of Osage county is reversed and remanded, with directions to enter judgment in accordance with this opinion.

BAYLESS, V. C. J., and PHELPS, HURST, and DAVISON, JJ., concur.