K. David Roberts, Teresa Cauthorn, Oklahoma City, for petitioner.

G.E. Saunders, Kyle J. Saunders, Ada, for respondents Frank Crabtree, Jr., Beth Crabtree.

**Gary Wayne SWEENEY, Petitioner,**

v.

**Bruce ROARK, d/b/a Bruce Roark Const. Tommie Redman, d/b/a Redman Const; Frank Crabtree, Jr. and Beth Crabtree, and the Workers' Compensation Court, Respondents.**

**No. 81452.**

Court of Appeals of Oklahoma,
Division No. 1.

Aug. 17, 1993.

## MEMORANDUM OPINION

HANSEN, Chief Judge:

Petitioner Gary Wayne Sweeney was injured when he fell while working on a residential home being built in Ada, Oklahoma, by Respondents Frank Jr. and Beth Crabtree. The nature and extent of his injuries are not issues in these proceedings.

Crabtree had hired Tommie Redman to act as job-site supervisor, and to advise Crabtree in letting the contracts to build his home. Redman hired Bruce Roark, d/b/a Big Red Construction Company to do the framing of the home. In turn, Roark hired Claimant to work on framing the home.

Crabtree wrote checks to Roark in payment for the framing work. Roark provided the tools. Roark paid Claimant by the hour, in cash. Claimant worked five days before he was hurt.

Claimant filed his Form 3 alleging he sustained an injury while working on the residential construction site. He named Roark, Redman and the Crabtrees as Respondents. Apparently none of the respondents carried workers' compensation insurance. The trial court found Claimant was an employee of Bruce Roark, that the Crabtrees were secondarily liable and that Tommie Redman was not liable under the Act. On appeal, the three judge panel affirmed in part, but modified the order by vacating the finding of secondary liability of the Crabtrees. Claimant seeks review of that portion of the panel's order denying the liability of the Crabtrees. He argues the modification is contrary to the law and the evidence.

In order for the Crabtrees to be secondarily liable under 85 O.S.1991 § 11, it must

be shown that the activity performed by Claimant was a necessary and integral part of Crabtree's business. In *Bradley v. Clark*, 804 P.2d 425 (Okla.1990), the Oklahoma Supreme Court reiterated its previous holdings [1] setting a task related standard for determining whether an activity is "necessary and integral" to the hirer's business. This test measures the hirer's overlapping coverage obligation for on the job injuries sustained by the employees of an independent contractor. Although *Bradley* dealt with an employer's immunity from tort liability at common law, the standard for determining if an employer is secondarily liable in a Workers' Compensation action is the same. Under *Bradley*, Claimant's work may not be considered part of Crabtree's business, unless Crabtree customarily uses its own employees to perform the specific type of work in contest. *Bradley v. Clark*, at 428. Crabtree operates a bottling company. His employees do not frame houses. Building homes is not a part of his business. The three judge panel did not err in finding the Crabtrees free of liability for workers' compensation.

ORDER SUSTAINED

JONES, P.J., and ADAMS, J., concur.

---

1. *W.P. Atkinson Enterprises, Inc. v. District Court,* 516 P.2d 541 (Okla.1973); *Murphy v.* *Chickasha Mobile Homes, Inc.,* 611 P.2d 243 (Okla.1980).