**Edwin Canon POWELL, Petitioner,**

v.

**NORTEX INVESTIGATION SERVICES, Georgia Pacific, and The Workers' Compensation Court, Respondents.**

**No. 89420.**

Court of Civil Appeals of Oklahoma, Division No. 1.

Sept. 16, 1997.

Bob Burke, Oklahoma City, for Petitioner.

Victor R. Seagle, Kristin Blue Fisher, Tulsa, for Respondent, Georgia Pacific.

*OPINION*

HANSEN, Presiding Judge:

¶ 1 Petitioner, Edwin Powell (Claimant), seeks review of a Workers' Compensation Court order holding Respondent, Georgia Pacific, is not liable for Claimant's injuries. The parties agree Claimant's primary employer on the date of his injury was Respondent, Nortex Investigation Services (Nortex). Claimant worked as a security guard for Nortex at a Georgia Pacific facility under construction by a third party. The security

contract was between Nortex and Georgia Pacific. Claimant hurt his back while patrolling the grounds of the facility.

¶ 2 Claimant initially filed against Nortex, but amended his claim when it was determined Nortex, a Texas company, had no Workers' Compensation insurance coverage. In its Answer, Georgia Pacific denied Claimant was its employee. The trial court found Georgia Pacific was Claimant's "special employer and secondarily liable for payment of benefits". The court specifically found the security work being done by claimant on the date of injury was "an integral and necessary part of the operation of GEORGIA–PACIFIC's business while GEORGIA–PACIFIC was constructing a new facility". (Emphasis in original). The trial court ordered Georgia Pacific to pay the compensation and to provide Claimant with reasonable medical care, with right of indemnity against Nortex.

¶ 3 Georgia Pacific appealed the trial court's order to a three judge panel of the Workers' Compensation Court. The three judge panel modified the trial court's order in part by substituting a finding that Georgia Pacific was not liable for Claimant's injuries because "the work performed by NORTEX INVESTIGATION SERVICES is found not a necessary and integral part of the business of GEORGIA–PACIFIC". Claimant seeks review of the Workers' Compensation Court as modified. It is well settled in this jurisdiction that when reviewing a decision modified by a three judge panel, we are limited to determining if the decision is according to law and supported by competent evidence. *Parks v. Norman Municipal Hospital,* 1984 OK 53, 684 P.2d 548.

¶ 4 As his only appellate proposition, Claimant contends Georgia Pacific is secondarily liable for his injuries because the primary employer was uninsured and work performed by the primary employer was a necessary and integral part of the business of Georgia Pacific. The "necessary and integral" test is used in determining a general employer's secondary liability for employment related injuries of independent contractor employees. *Bradley v. Clark,* 1990 OK 73, 804 P.2d 425, 85 O.S.Supp.1996 § 11(B).

¶ 5 In *Bradley*, the Supreme Court reiterated, as set forth in *Murphy v. Chickasha Mobile Homes, Inc.*, 1980 OK 75, 611 P.2d 243, the two part standard for determining if an activity is necessary and integral to a general hirer's business. Under the *Murphy* test, tasks are a necessary and integral part of the hirer's operations when they are directly associated with the day to day activity carried on by the hirer's line of trade, or would customarily be done in that line of business.

¶ 6 Also in *Bradley*, the Oklahoma Supreme Court adopted a three-tier test crafted by the Louisiana Supreme Court in *Berry v. Holston Well Service, Inc.*, 488 So.2d 934 (La.1986). The Court found the more restrictive approach in *Berry* "serves as a sharp tool for implementing the *Murphy* standards". Under that three-tier test, the initial inquiry is whether the contract work generally is *specialized*, that is, "whether the work requires a degree of skill, training, experience, education and or equipment not normally possessed by those outside the contract field". *Bradley*, at 428 (footnote 10). If the contract work is *specialized per se*, it is not, as a matter of law, a part of the hirer's trade, business, or occupation.

¶ 7 The first level of the *Bradley/Berry* inquiry focuses on the scope of the contract work, rather than on the individual tasks of the injured worker. In the matter now before us, the scope of the contract was to provide security guards for Georgia Pacific's construction site. Under the Oklahoma Security Guard and Private Investigator Act, 59 O.S.Supp.1995 §§ 1750.1, security guards must be licensed, meet certain age and character standards, and be trained within the minimum standards established by law and regulation. We find the contract work was specialized *per se*, and therefore was not, as a matter of law, a necessary and integral part of Georgia Pacific's business.

¶ 8 Even if the contract work here were determined not to be specialized, we find there is competent evidence to support the Workers' Compensation Court's holding that Nortex's work was not a necessary and integral part of Georgia Pacific's business. The evidence reflects the plant being constructed for Georgia Pacific was a sawmill. Georgia Pacific's manager who oversaw construction of the sawmill testified he was told specifically not to hire security guards as Georgia Pacific employees, but to contract for the service. He further testified Georgia Pacific had a security contractor who provided the service for operating plants throughout the country. The manager responded to Claimant's query whether the security service Nortex provided was necessary and integral to Georgia Pacific's work by stating: "No, I didn't deem it was necessary. I did deem it was important, but not necessary . . .".

¶ 9 Under the second tier of the *Bradley/Berry* test, the forgoing facts provide competent evidence that Nortex's security services, if deemed, *arguendo*, non-specialized, cannot be considered part of Georgia Pacific's trade, business or occupation. As to the third tier, there is evidence Nortex was not, at the time of Claimant's injury, engaged in the trade, business or occupation of Georgia Pacific. Georgia Pacific's line of trade is operating a sawmill. The evidence is that Georgia Pacific did not provide security services, even for its own facilities.

¶ 10 Similarly, applying the *Murphy* standards, Nortex's tasks as security contractor were neither directly associated with the day-to-day activity carried on in Georgia Pacific's line of trade, nor would they customarily be done in that line of business. The Workers' Compensation Court correctly found Georgia Pacific was not secondarily liable for Claimant's injuries.

SUSTAINED.

JOPLIN and BUETTNER, JJ., concur.