Dear Senate Helton,
¶ 0 This office has received your request for an official Attorney General Opinion in which you ask, in effect, the following question:
Is an individual owner, who contracts for new construction of asingle family residential dwelling on property he owns where heintends to reside in such dwelling upon completion, liable forworkers' compensation due to the employees of persons with whomhe contracts to construct the new single family residentialdwelling?
In answering your question, it is assumed that the persons with whom the owner contracts are independent contractors,[1]
and not employees of the owner.
 I. An Owner Who Hires An Independent Contractor Is Secondarily Liable For Compensation Due An Independent Contractor's Employee If The Owner Is A"Principal Employer" Under The Workers' Compensation Act
¶ 1 Generally the Workers' Compensation Act (the "Act") makes aprincipal employer secondarily liable for compensation due an independent contractor's employees, as follows:
 The independent contractor shall, at all times, be liable for compensation due to his direct employees, or the employees of any subcontractor of such independent contractor, and the principal employer shall also be liable in the manner hereinafter specified for compensation due all direct employees, employees of the independent contractors, subcontractors, or other employees engaged in the general employer's business[.]
85 O.S. Supp. 2000, § 11[85-11](B)(1) (emphasis added); see Bradleyv. Clark, 804 P.2d 425, 427 (Okla. 1990).
¶ 2 To determine if a person who hires an independent contractor is a principal employer, secondarily liable for compensation due to an independent contractor's employees under Section 11(B)(1), the Oklahoma Supreme Court has adopted what it has deemed the "necessary and integral" test. See Parsley v.Rickey, 962 P.2d 1269, 1272 (Okla. 1998). Under the "necessary and integral" test, a hirer of an independent contractor is not aprincipal employer, and is not secondarily liable for compensation due the independent contractor's employees under Section 11(B)(1), if the work performed by the independent contractor is not within the scope of the hirer's regular business activities.
¶ 3 In Bradley, the Court said work performed by the independent contractor was not within the scope of the hirer's regular business activities unless the hirer customarily used its own employees to perform the specific type of work performed by the independent contractor. Bradley, 804 P.2d at 428. The court said "[i]f the task performed by the independent contractor is beyond the skill, training, expertise or capability of the hirer's employees, it must be regarded as beyond the scope of the hirer's regular [business] activities."[2] Id. AccordSweeney v. Roark, 859 P.2d 1137, 1138 (Okla.Ct.App. 1993) (holding that residential homeowners were not liable for compensation due to an injured worker employed by a construction company with whom the homeowners contracted to do the framing of their home because framing was not within the scope of the homeowners' regular business activities; therefore, the homeowners were not principal employers of the employees doing the framing).
¶ 4 You ask whether an owner who contracts for the construction of a single family residential dwelling on property he owns, where he intends to reside in such dwelling upon completion, is liable for workers' compensation due to an independent contractor's employees. To answer your question, we must use the Oklahoma Supreme Court's "necessary and integral" test and determine whether the work performed by the independent contractor's employees is within the scope of the owner's regular business activities. If the work performed by the independent contractor's employees is within the skill, training, expertise, or capability of the owner or the owner's employees, then the work must be considered within the scope of the owner's regular business activities. If the work performed by the independent contractor is within the scope of the owner's regular business activities, then the owner is considered to be a principalemployer, and the owner is secondarily liable for compensation due the independent contractor's employees, under Section 11(B)(1) of the Act, unless an exemption from workers' compensation liability otherwise applies.
¶ 5 Whether the work performed by an independent contractor's employees is within the scope of the regular business activities of the owner is a factual question beyond the scope of this Opinion. 74 O.S. Supp. 2000, § 18b[74-18b](A)(5).
 II. A Principal Employer Who Hires An Independent Contractor For New Construction Can Never Be Exempt From Secondary Liability For Compensation Due The Independent Contractor's Employees Under The Act's Single Family Residential Dwelling Exemption Because That Exemption Applies Only To Work Performed On An Existing Dwelling And Its Premises
¶ 6 Assuming the individual owner in your question is aprincipal employer under the Act because work performed by the independent contractor is within the scope of the owner's regular business activities, we must determine if the exemption to workers' compensation liability which exists for single family residential dwelling owner-occupants applies to the new construction work in your question. The Act's exemption for single family residential dwelling owner-occupants is as follows:
 Where work is performed on a single family residential dwelling or its premises occupied by the owner, or for a farmer whose cash payroll for wages, excluding supplies, materials and equipment, for the preceding calendar year did not exceed One Hundred Thousand Dollars ($100,000.00), such owner or farmer shall not be liable for compensation under the Workers' Compensation Act. Such owner or farmer shall not be liable to the employee of any independent contractor or subcontractor, where applicable, or the farmer's own employee.
85 O.S. Supp. 2000 § 11[85-11](B)(3) (emphasis added).
¶ 7 The above-quoted exemption is an exception to Section 11(B)(1) principal employer secondary liability and must be strictly construed. See Deal v. Logan, 83 P.2d 563, 565
(Okla. 1938). The exemption should not be enlarged or extended by judicial construction. Id.
¶ 8 The above-quoted Section 11(B)(3) exemption for single family residential dwelling owner-occupants applies only to work performed on "a single family residential dwelling or its premises occupied by the owner." 85 O.S. Supp. 2000, §11[85-11](B)(3). In the Section 11(B)(3) exemption, the pronoun "its" refers to the antecedent "a single family residential dwelling."[3] Substituting "a single family residential dwelling" for "its" the exemption reads: "Where work is performed on a single family residential dwelling or [a single family residential dwelling's] premises occupied by the owner . . . such owner. . . . shall not be liable for compensation under the Workers' Compensation Act." Id.
¶ 9 The Section 11(B)(3) exemption does not purport to apply to dwellings still under construction, and words to that effect cannot be read into the statute. Instead, the exemption applies only to work performed on an existing single family residential dwelling or its premises, such as remodeling or repair work, where the dwelling or the dwelling's premises are occupied by the owner.[4]
¶ 10 Section 11(B)(3) does not exempt an owner who is aprincipal employer from liability for compensation due an independent contractor's employee performing new construction work within the scope of the owner's regular business activities. An owner who contracts for such new construction of a single family residential dwelling on property he owns, where he intends to reside in such dwelling upon completion, is secondarily liable for workers' compensation due his independent contractor's employees if the work performed by the independent contractor is within the scope of the owner's regular business activities, making the owner a principal employer under the Act.
¶ 11 It is, therefore, the official Opinion of the AttorneyGeneral that:
The Workers' Compensation Act, at 85 O.S. Supp. 2000, §11(B)(1), generally provides that principal employers shall besecondarily liable for compensation due an independentcontractor's employees. An owner is a principal employer,secondarily liable for workers' compensation due an independentcontractor's employees, if the new construction work performed bythe independent contractor's employees on the owner's singlefamily residential dwelling is within the scope of the owner'sregular business activities.
The Workers' Compensation Act's exemption for single familyresidential dwelling owner-occupants, at 85 O.S. Supp. 2000, §11(B)(3), does not apply to a principal employer who contractsfor new construction of a single family residential dwelling onproperty he owns, where he intends to reside in such dwellingupon completion, because such single family residential dwellingowner-occupant exemption does not apply to work performed on asingle family residential dwelling which is still underconstruction.
The single family residential dwelling exemption from principalemployer secondary liability applies to work performed on anexisting owner-occupied single family residential dwelling or itspremises occupied by the owner, such as remodeling or repairwork.
W.A. DREW EDMONDSON Attorney General Of Oklahoma
JANIS W. PRESLAR Assistant Attorney General
[1] Under Oklahoma law, an "`independent contractor' is one who[,] exercising . . . independent employment[,] contracts to do a piece of work according to his own methods and manner, free from direction and control" of the person hiring the independent contractor in all matters relating to performance of the work except as to a result or product. Manhattan Constr. Co. v. Dist.Court, 517 P.2d 795, 796-97 (Okla. 1973).
[2] If an independent contractor is performing "specialized" work, the hirer is not a principal employer, as a matter of law. Parsley, 962 P.2d at 1272 (citing Bradley v. Clark,804 P.2d 425, 427 (Okla. 1990)). The Oklahoma Supreme Court has not fully developed the factors to be considered in finding what work is "specialized." However, in Powell v. NortexInvestigation Services, 947 P.2d 614, 616 (Okla.Ct.App. 1997), the Oklahoma Court of Appeals found that because security guards must be licensed, meet certain age and character standards, and be trained within minimum standards established by law, contract security work performed by the independent contractor's employees was specialized per se and therefore the hirer of the independent contractor was not a principal (statutory) employer, under Workers' Compensation law, secondarily liable for compensation due the independent contractor's employees.
[3] "The natural and grammatical use of a relative pronoun[, such as "it" or "its,"] is to put it in close relation with its antecedent, its purpose being to connect the antecedent with a descriptive phrase." Carondelet Canal Navigation Co. v.Louisiana, 233 U.S. 362, 382 (1914).
[4] The phrase "occupied by the owner" in Section 11(B)(3) refers to both a single family dwelling and its premises. "Where several words are followed by a clause as much applicable to the first and other words as to the last, the clause should be read as applicable to all." Bd. of Tr. of Firemen's Relief PensionFund v. Templeton, 86 P.2d 1000, 1004 (Okla. 1939) (citation omitted).